**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

YAAR MOHAMMAD NOORI              DOCKET NO. 3:26-cv-00456
    A221-391-595                            SECTION P

VERSUS                                    JUDGE ALEXANDER C. VAN HOOK

ICE                                       MAGISTRATE JUDGE LEBLANC

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Yaar Mohammad Noori on February 12, 2026.  Doc. 1.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.  For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

### I.    BACKGROUND

Noori filed a petition for writ of habeas corpus arguing that U.S. Immigration and Customs Enforcement ("ICE") has detained him beyond the removal period authorized by statute.  Doc. 1. According to his petition, Noori was taken into immigration custody on January 12, 2025, and ordered removed on May 30, 2025.  Doc. 1, p. 4.  He appealed that decision and his appeal was dismissed by the Board of Immigration Appeals ("BIA") on October 21, 2025.  *Id*. at p. 5.

### II.    LAW & ANALYSIS

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the

United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

Petitioner contends that his detention has been prolonged without justification, citing *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Section 1231(a)(1)(A) of Title 8 of the United States Code provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States. 8 U.S.C. § 1231(a)(1)(A). During the removal period, the alien must be detained. *See* 8 U.S.C. § 1231(a)(2). After the expiration of the removal period, the government may continue to detain an inadmissible or criminal alien or release her subject to conditions of release. *See* 8 U.S.C. § 1231(a)(6). To facilitate "uniform administration in the federal courts," the United States Supreme Court recognized a six-month "presumptively reasonable period of detention." *Zadvydas*, 533 U.S. at 701. This period begins on the date the order of removal becomes administratively final.[1] *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) ("It is presumptively constitutional for an alien to be detained for six months after a final order of removal."). A removal order becomes administratively final "upon the earlier of—(i) a determination by the [BIA] affirming such order;

---

[1] The removal period may also begin on the later of (1) the date of a court's final order, "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien," or (2) the date the alien is released from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B)(ii)-(iii). Neither of these circumstances applies here.

or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B); *see also Lopez Acosta v. Rosen*, 832 F. App'x 891, 891 (5th Cir. 2021).

Here, Noori's removal order became administratively final on October 21, 2025, when the BIA dismissed the appeal. *See* 8 U.S.C. § 1101(a)(47)(B).  At the time of filing the instant petition, Noori "has not been in post removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*." *Agyei-Kodie*, 418 F. App'x at 318.  His challenge to his post-removal-order detention therefore is premature and should be dismissed for lack of jurisdiction, without prejudice to his right to file a § 2241 petition challenging his detention after the presumptively reasonable six-month period has expired.  *See id.* (dismissing the petitioner's premature challenge to his continued post-removal-order detention for want of jurisdiction).

## III.    CONCLUSION

For the reasons stated above, Noori's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that all pending motions are **DENIED as MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

       THUS DONE AND SIGNED in chambers this 24th day of March, 2026.

_____

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE